IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
(CAMDEN VICINAGE)

| | | |
|---|---|---|
| WILFRED FREDERIC<br>152 Bridle Path Lane<br>Coatesville, Pennsylvania 19320 | : <br> : <br> : <br> : | |
| v. | : <br> : | CIVIL ACTION NO. |
| AMANBIR SINGH<br>3 Blomidon Terrace<br>Apartment 4<br>Wolfville, Nova Scotia B4P2G7 | : <br> : <br> : <br> : <br> : | **COMPLAINT AND JURY DEMAND** |
| And | : <br> : | |
| EASSONS TRANSPORT, LTD<br>a/k/a EASSONS TRANSPORT GROUP<br>1505 Harrington Road<br>Kentville, Nova Scotia B4N3V7 | : <br> : <br> : <br> : | |

## CIVIL ACTION COMPLAINT

### THE PARTIES

1. Plaintiff, Wilfred Frederic, is an adult individual, citizen and resident of the Commonwealth of Pennsylvania residing at 152 Bridle Path Lane, Coatesville, Pennsylvania 19320.

2. Defendant, Amanbir Singh, is an adult individual, citizen and resident of the country of Canada, residing at 3 Blomidon Terrace, Apartment 4, Nova Scotia B4P2G7.

3. Defendant, Eassons Transport LTD, a/k/a Eassons Transport Group (hereinafter "Eassons") is a corporation or other business entity authorized and existing under the laws of Canada maintaining its principal place of business at 1505 Harrington Road, Kentville, Nova Scotia B4N3V7.

## JURISDICTION

4. This Court has jurisdiction over this matter pursuant to 28 U.S.C. 1332(a)(1) in that "the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs and is between citizens of different States", as well as Defendants availing themselves to the US Department of Transportation, Federal Motor Carrier Safety Administration and the Interstate Commerce Commission.

## VENUE

5. Venue over this action is appropriate in this matter pursuant to 28 U.S.C. 1391(b)(2), in the District of New Jersey in that: "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated".

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

6. Plaintiff, Wilfred Frederic, avers and incorporates by reference, the averments of paragraphs 1 through 5 as though same were fully set forth herein.

7. At all times material and relevant hereto, Defendant, Amanbir Singh, was acting as an agent, servant, workman and/or employee, of the Defendant, Eassons, who was engaged in the course and scope of his employment and was working in the interest and furtherance of the Defendant, Eassons.

8. At all times material and relevant hereto, Defendants, Amanbir Singh, and Eassons, regularly, routinely and continuously conducted business in the State of New Jersey, to wit, Camden vicinage, and availed themselves to the jurisdiction of this Court.

9. At all times material hereto Defendant, Eassons, rented, leased, owned, controlled, possessed, maintained and/or leased a 2015 Volvo CT, Nova Scotia license plate number PR36578, said vehicle being operated by Defendant, Amanbir Singh.

10. On or about July 1, 2021, at approximately 9:24 a.m., Plaintiff, Wilfred Frederic, was the lawful owner and operator of a motor vehicle, to wit a 2013 Hyundai Elantra, Pennsylvania license plate number HTB 5446, which was proceeding eastbound past the main tolls of the George Washington Bridge, at or near Post 14, Bergen County, New Jersey, when suddenly and without warning, Defendant, Amanbir Singh, operating his vehicle eastbound on the George Washington Bridge suddenly and without warning violently collided with the driver's side of Plaintiff's vehicle, causing Plaintiff to sustain severe and grievous injuries hereinafter more fully set forth.

11. The injuries resulted solely from the negligence and carelessness of the Defendants, Amandir Singh and Eassons and was due, in no manner whatsoever, to any act or failure to act on the part of the Plaintiff, Wilfred Frederic.

## COUNT I
## WILFRED FREDERIC v. ALL DEFENDANTS

12. Plaintiff, Wilfred Frederic, avers and incorporates by reference, the averments of paragraphs 1 through 10 as though same were fully set forth herein.

13. The negligence and carelessness of Defendants, jointly and/or severally, consisted of, but is not limited to, the following:

   a) Operating a vehicle at a high and dangerous rate of speed under the circumstances;

   b) Failing to have a motor vehicle under proper and adequate control;

   c) Operating a vehicle without keeping a proper lookout for other vehicles upon said highway;

    d)    Operating a vehicle at a speed greater than would permit him to stop within the assured clear distance;

    e)    Failing to slow, stop or otherwise swerve his vehicle when he knew, or in the exercise of reasonable care, should have known that unless he did so, he vehicle would collide with other vehicles;

    f)    Failing to keep a proper distance from other vehicles;

    g)    Failing to warn of the immediate and impending danger of striking Plaintiff;

    h)    Failing to exercise due care and caution under the circumstances;

    i)    Failure to use the highest degree of skill in the operation of a motor vehicle;

    j)    Failing to keep a proper lookout for other vehicles lawfully upon the highway;

    k)    Violation of the Ordinances of Bergen County and the Statutes of New Jersey governing the operation of motor vehicles upon the highway, specifically, 75 Pa.C.S.A. Section 3301, et seq.

14. As a direct and proximate result of the negligence of the Defendants, jointly and/or severally, Plaintiff, Wilfred Frederic, was caused to sustain injuries to his bones, joints, muscles, tendons, blood vessels, and soft tissues throughout his body, including, but not limited to, injuries to his neck, back, head, and lower extremities with lumbar sprain and strain, thoracic sprain and strain, cervical sprain and strain, L4-5 disc herniation, L5-S1 disc herniation, C3-4 disc herniation, C5-6 disc herniation, as well as a severe shock to his nerves and nervous system; all of which said injuries have in the past and will in the future cause Plaintiff, Wilfred Frederic, great pain and suffering, a serious impairment of his bodily functions, and all of which are or may be permanent in nature.

15. As a further result of this accident, Plaintiff, Wilfred Frederic, has been or will be required to receive and undergo medical attention and care and to expend various sums of money and to incur various expenses for the injuries suffered and, may be required to continue to expend such sums or incur such expenditures for an indefinite time in the future, all to his great detriment and loss, which currently equals or exceeds **$13,310.42** and may continue to increase.

16. As a further result of this accident, Plaintiff, Wilfred Frederic, has suffered medically determinable physical and/or mental impairment which prevents his from performing all or substantially all of the material acts and duties which constituted the Plaintiff's usual and customary activities prior to the accident.

17. As a direct and proximate result of the aforesaid accident, Plaintiff, Wilfred Frederic, has been and will in the future be obliged to expend large and various sums of money for medical treatment in an attempt to treat and cure himself of the aforesaid injuries.

18. As a direct and reasonable result of the accident aforementioned, Plaintiff, Wilfred Frederic, has or may hereafter incur other financial expenses which do or may exceed amounts which he may otherwise be entitled to recover.

19. As a further result of the accident aforementioned, Plaintiff, Wilfred Frederic, has suffered severe physical pain, mental anguish and humiliation, and may continue to suffer same for an indefinite time in the future.

**WHEREFORE,** Plaintiff, Wilfred Frederic, demands judgment in his favor and against Defendants, jointly and/or severally in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) together with interest, costs and reasonable attorney's fees.

## COUNT II
## WILFRED FREDERIC v. EASSONS
### (Negligent Entrustment)

19. Plaintiff, Wilfred Frederic, hereby incorporates by reference Paragraphs 1 through 18, as fully as though each were set forth herein at length.

20. The negligence and/or carelessness of Defendant, Eassons, was a direct and proximate cause of the aforesaid motor vehicle collision and the resultant injuries and damages sustained by the Plaintiff, includes, but is not limited to, the following:

   a) Permitting Defendant, Amanbir Singh, to operate the motor vehicle without first ascertaining whether or not he was capable of properly operating said vehicle;

   b) Permitting Defendant, Amanbir Singh, to operate the motor vehicle when Defendant, Eassons, knew, or in the exercise of due care and diligence, should have known that Defendant, Amanbir Singh, was capable of committing the acts of negligence set forth above;

   c) Failing to warn those persons, including the Plaintiff, that Defendant, Eassons, knew, or in the existence of due care and diligence should have known, that the Plaintiff would be exposed to Defendant, Amanbir Singh's negligent operation of the motor vehicle;

   d) Failing to inspect the motor vehicle; and,

   e) Failing to adequately maintain the motor vehicle.

21. As a direct result of the negligent and/or careless conduct of Defendant, Eassons, the Plaintiff, Wilfred Frederic, suffered the injuries and losses described hereinabove.

## JURY DEMAND

Plaintiff, Wilfred Frederic, demands a jury trial.

TABAKINWOLFE LLP

BY: _____
BRAD S. TABAKIN, ESQUIRE
Attorney I.D. No. 65649
E-mail: brad@twlegal.net


BY: _____
RICHARD A. WOLFE, ESQUIRE
Attorney I.D. No. 78944
E-mail: rich@twlegal.net

1000 Germantown Pike, B-3
Plymouth Meeting, Pennsylvania 19462
(215) 525-1616 – Phone
(215) 525-5858 – Facsimile

*Attorneys for Plaintiff,*
*Wilfred Frederic*